# United States Court of Appeals for the Fifth Circuit

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2026

Lyle W. Cayce
Clerk

No. 25-30733
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRENCE TAYLOR, SR.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:24-CR-166-1

———————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Terrence Taylor, Sr., appeals the 210-month sentence of imprisonment imposed for his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine. He first argues that the district court incorrectly inferred that the unseized, untested methamphetamine attributed to him qualified as "ice" based on the tested

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

purity levels of the seized methamphetamine for which he was responsible. We review the district court's calculation of the drug quantity for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). Because the presentence report's factual findings regarding the relevant drug quantities and purity levels bore sufficient indicia of reliability and Taylor did not present rebuttal evidence, the district court did not err by adopting those facts. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Moreover, it was not clear error for the district court to infer that the untested methamphetamine that Taylor sourced from co-defendant Demartin Hall on January 10, 2024, or January 17, 2024, had a similar purity level to the tested methamphetamine that Taylor sourced from Hall on January 30, 2024, thereby establishing that Taylor was responsible for at least 500 grams of methamphetamine ice. *See United States v. Rodriguez*, 666 F.3d 944, 947 (5th Cir. 2012); U.S.S.G. § 2D1.1(c)(3).

Taylor also challenges his sentence as substantively unreasonable. However, as part of his plea agreement, Taylor waived his right to challenge the substantive reasonableness of a within-guidelines sentence. By failing to address the appeal waiver, Taylor has waived any challenge to the validity of that waiver. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010). Because the Government seeks to enforce that appeal waiver, we dismiss Taylor's challenge to the substantive reasonableness of his sentence. *See United States v. Williams*, 949 F.3d 237, 239-40 (5th Cir. 2020).

For the first time on appeal, Taylor contends that his sentence was grossly disproportionate to his offense and therefore violates the Eighth Amendment. Taylor's conclusory argument fails to show error, much less clear or obvious error under plain-error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004); *Rummel v. Estelle*, 445 U.S. 263, 265-67, 284-85 (1980).

No. 25-30733

Accordingly, we AFFIRM the sentence imposed by the district court and DISMISS Taylor's challenge to the substantive reasonableness of his sentence.